UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CITIMORTGAGE, INC.,<br><br>                     Plaintiff(s),<br><br>         v.<br><br>TIERRA DE LAS PALMAS OWNERS ASSOCIATION, et al.,<br><br>                     Defendant(s). | Case No. 2:16-CV-610 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Tierra De Las Palmas Owners Association's (the "HOA") motion to dismiss. (ECF No. 15). Plaintiff CitiMortgage, Inc. ("CMI") filed a response (ECF No. 17), to which the HOA replied (ECF No. 19).

**I.     Facts**

This case involves a dispute over real property located at 5143 Marshall Island Court, North Las Vegas, Nevada 89031 (the "property"). (ECF No. 1 at 2).

On May 5, 2006, Lakeshia Spencer obtained a loan from Countrywide Home Loans, Inc. in the amount of $164,000.00, which was secured by a deed of trust recorded on May 15, 2006. (ECF No. 1 at 3). On December 13, 2011, the deed of trust was assigned to CMI via an assignment of deed of trust. (ECF No. 1 at 3).

On October 7, 2011, defendant Absolute Collection Services, LLC ("ACS"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $816.71. (ECF No. 1). On February 10, 2012, ACS recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $1,696.98. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

On February 17, 2012, CMI requested a ledger from the HOA through its agent ACS, identifying the super-priority amount allegedly owed, but the HOA refused to respond. (ECF No. 1).

On December 7, 2012, ACS recorded a notice of trustee's sale, stating an amount due of $3,315.30. (ECF No. 1). On May 14, 2013, the HOA foreclosed on the property. (ECF No. 1). Defendant Marshall Family Trust ("MFT") purchased the property for $6,500.00. (ECF No. 1). A trustee's deed in favor of MFT was recorded May 16, 2013. (ECF No. 1).

On March 18, 2016, CMI filed the underlying complaint, alleging four claims of relief: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against the HOA and the ACS; (3) wrongful foreclosure against the HOA and ACS; and (4) injunctive relief against MFT. (ECF No. 1).

In the instant motion, the HOA moves to dismiss CMI's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 15). The court will address each in turn.

**II.    Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

James C. Mahan
U.S. District Judge

- 2 -

*Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**III.   Discussion**

**A.  Quiet Title (claim 1)**

In the instant motion, the HOA argues that CMI's quiet title claim must be dismissed for failure to allege that the HOA asserts an adverse claim to the property.  (ECF No. 15 at 7).

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim."  Nev. Rev. Stat. § 40.010.  "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title."  *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted).  Therefore, for plaintiff to succeed on its quiet title action, it needs to show that

James C. Mahan
U.S. District Judge

- 3 -

its claim to the property is superior to all others.  *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Under Federal Rule of Civil Procedure 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action in the person's absence may, as a practical matter, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  Fed. R. Civ. P. 19(a)(1).

Here, the HOA is a necessary party to this action based on the current allegations and relief sought.  The HOA has a present interest in the property because CMI challenges the validity of the foreclosure sale.  *See, e.g.*, *U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15-cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015).  If the foreclosure sale is invalidated, the HOA's superpriority lien might be reinstated as an encumbrance against the property.

Further, the existence and priority of that lien might still be in doubt where CMI alleges it tendered payment of that lien.  "The disposition of this action in the HOA's absence may impair or impede its ability to protect its interests."  *U.S. Bank, N.A.*, 2015 WL 8780157, at *2. Furthermore, if CMI "succeeds in invalidating the sale without the HOA being a party to this suit, separate litigation to further settle the priority of the parties' respective liens and rights may be necessary."  *Id*.  Thus, if the HOA is dismissed as a party, CMI would not be able to secure the complete relief it seeks.  *See id*.; Fed. R. Civ. P. 19(a).  Accordingly, the HOA is a proper party to CMI's quiet title claim, and the HOA's motion to dismiss on this basis will be denied.

**B.     NRS 38.310**

Next, the HOA argues that CMI's second claim for breach of NRS 116.1113 and third claim for wrongful foreclosure must be dismissed for CMI's failure to comply with NRS 38.310 by failing to first submit its claims to mediation before the Real Estate Division of the Nevada

**James C. Mahan**
**U.S. District Judge**

- 4 -

Department of Business and Industry ("NRED").  (ECF No. 15).  Section 38.310 of the NRS provides, in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1).  Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1."  Nev. Rev. Stat. § 38.310(2).

CMI asserts that NRS 38.300 *et seq*. is inapplicable to the instant action because it submitted a demand for mediation to NRED on October 16, 2016, but NRED failed to schedule mediation within the 60-day period required under NRS 38.330(1).  (ECF No. 17 at 8).  CMI argues that it is not required to wait indefinitely before moving forward with the instant action. (ECF No. 17 at 8).  CMI thus maintains that NRS 38.330 is inapplicable because it exhausted its administrative remedies.  (ECF No. 17 at 8–9).  The court disagrees.

CMI is correct that subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim."  Nev. Rev. Stat. § 38.330(1).  However, while NRS 38.330(1) explains the procedure for mediation, NRS 38.310 is clear in providing that no civil action may be commenced "unless the action has been submitted to mediation."  Nev. Rev. Stat. § 38.310.  Specifically, subsection (1) goes on to state in relevant part:

> If the parties participate in mediation and an agreement is not obtained, any party may commence a civil action in the proper court concerning the claim that was submitted to mediation.  **Any complaint filed in such an action must contain a sworn statement indicating that the issues addressed in the complaint have been mediated** pursuant to the provisions of NRS 38.300 to 38.360, inclusive, but an agreement was not obtained.

Nev. Rev. Stat. § 38.330(1) (emphasis added).

While CMI need not wait "indefinitely" before bringing suit, it must exhaust its administrative remedies prior to bringing suit, which in this case means waiting until NRED appoints a mediator.  *See* Nev. Rev. Stat. § 38.330(1) ("If the parties fail to agree upon a mediator,

James C. Mahan
U.S. District Judge

- 5 -

the Division shall appoint a mediator."). If the parties do not wish to wait for NRED, they could meet and attempt to agree upon a mediator.

Importantly, CMI's rights are not harmed insofar that the statute of limitations for any claim submitted to NRED for mediation is tolled until the conclusion of mediation. *See* Nev. Rev. Stat. § 38.350 ("Any statute of limitations applicable to a claim described in NRS 38.310 is tolled from the time the claim is submitted to mediation . . . pursuant to NRS 38.300 to 38.360, inclusive, until the conclusion of mediation or arbitration of the claim and the period for vacating the award has expired, or until the issuance of a written decision and award pursuant to the program.").

Here, while CMI has requested mediation, the parties have not been participated in or completed mediation. Moreover, CMI has not provided a sworn statement indicating that the issues in the complaint have been mediated, but no agreement was obtained as required by the statute. Therefore, CMI has not exhausted its administrative remedies.

### 1. Breach of NRS 116.1113 (claim 2) & Wrongful Foreclosure (claim 3)

CMI alleges that the HOA and ACS breached their duty of good faith by failing to comply with their obligations under the CC&Rs. (ECF No. 1 at 9–10). CMI further alleges that the foreclosure conducted by the HOA and ACS was wrongful. (ECF No. 1 at 12–13).

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.

Consequently, CMI must first submit these claims to mediation before proceeding with a civil action. *See e.g.*, *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No.

James C. Mahan
U.S. District Judge

- 6 -

215CV01153APGGWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortgage Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015). Therefore, CMI's claims for breach of NRS 116.1113 and wrongful foreclosure will be dismissed without prejudice.

## IV. Conclusion

Based on the foregoing, the HOA's motion to dismiss is granted without prejudice as to CMI's second claim for breach of NRS 116.1113 and third claim for wrongful foreclosure, but denied as to CMI's quiet title claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Tierra De Las Palmas Owners Association's motion to dismiss (ECF No. 15) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

IT IS FURTHER ORDERED that defendant Marshall Family Trust's motion to stay (ECF No. 21) be, and the same hereby is, DENIED as moot.

DATED January 26, 2017.

_____
UNITED STATES DISTRICT JUDGE