ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
TENESA S. SCATURRO, ESQ.
Nevada Bar No.12488
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
tenesa.scaturro@akerman.com

*Attorneys for CitiMortgage, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CITIMORTGAGE, INC.;<br><br>                    Plaintiff,<br><br>vs.<br><br>TIERRA DE LAS PALMAS OWNERS ASSOCIATION; MARSHALL FAMILY TRUST; and ABSOLUTE COLLECTION SERVICES, LLC,<br><br>                    Defendants. | Case No.: 2:16-cv-00610-JCM-CWH<br><br>**STIPULATION AND ORDER TO AMEND COMPLAINT TO REASSERT BREACH OF NRS 116.1113 AND WRONGFUL FORECLOSURE CLAIMS** |

CitiMortgage, Inc. (**CMI**), Tierra de las Palmas Owners Association (**Tierra**), Marshall Family Trust, and Absolute Collection Services, LLC (**Absolute**) stipulate and agree as follows:

**IT IS HEREBY STIPULATED AND AGREED** CMI may amend its complaint to reassert its claims for breach of NRS 116.3113 and wrongful foreclosure claims against Tierra and Absolute. The court dismissed these claims without prejudice on January 27, 2017 for failure to mediate pursuant to NRS 38.310. ECF No. 29, at 4-5. CMI and Tierra mediated pursuant to NRS 38.310 on February 7, 2017. CMI includes a copy of its proposed amended complaint as Exhibit 1 to this stipulation.

. . .

. . .

{41506075;1}

AKERMAN LLP
1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

This is the first request to amend and the request is not submitted for the purpose of delay or to cause undue prejudice to any party.

Dated this 20th day of April, 2017.

**AKERMAN LLP**

 */s/ Tenesa S. Scaturro*
DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
TENESA S. SCATURRO, ESQ.
Nevada Bar No. 12488
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
*Attorneys for CitiMortgage, Inc.*

Dated this 20th day of April, 2017.

**PENGILLY LAW FIRM**

 */s/  Elizabeth B. Lowell*
JAMES W. PENGILLY, ESQ.
Nevada Bar No. 8551
ELIZABETH B. LOWELL, ESQ.
Nevada Bar No. 8551
1995 Village Center Cir., Suite 190
Las Vegas, Nevada 89134
*Attorney for Tierra de las Palmas Owners Association*

Dated this 20th day of April, 2017.

**RANDAL A. DESHAZER, ESQ.**

*/s/ Randal A. Deshazer*
RANDAL A. DESHAZER, ESQ.
Nevada Bar No. 2337
961 Pack Saddle Ct.
Henderson, Nevada 89014
*Attorney for Marshall Family Trust*

Dated this 20th day of April, 2017.

**ABSOLUTE COLLECTION SERVICES, LLC**

 */s/ Shane D. Cox*
SHANE D. COX, ESQ.
Nevada Bar No. 13852
8440 W. Lake Mead Blvd., Ste. 210
Las Vegas, Nevada 89128
*Attorney for Absolute Collection Services, LLC*

**ORDER**

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE

April 24, 2017

**DATE**

**INDEX OF EXHIBITS TO**

**STIPULATION AND ORDER TO AMEND COMPLAINT**

**CASE NO. 2:16-cv-00610-JCM-CWH**

Exhibit 1  Proposed First Amended Complaint

# Exhibit 1

**Proposed First Amended Complaint
Case No. 2:16-cv-00610-JCM-CWH**

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
TENESA S. SCATURRO, ESQ.
Nevada Bar No.12488
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
       tenesa.scaturro@akerman.com

*Attorneys for CitiMortgage, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CITIMORTGAGE, INC.;<br><br>            Plaintiff,<br><br>vs.<br><br>TIERRA DE LAS PALMAS OWNERS ASSOCIATION; MARSHALL FAMILY TRUST; and ABSOLUTE COLLECTION SERVICES, LLC,<br><br>            Defendants. | Case No.: 2:16-cv-00610-JCM-CWH<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff, CitiMortgage, Inc. (**CMI**) complains as follows:

## **PARTIES AND JURISDICTION**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. CMI is a citizen of New York and Missouri and, on information and belief, none of the defendants are citizens of New York or Missouri. The amount in controversy exceeds $75,000.00.

2. CMI is a New York Corporation. Its principal office is in Missouri. Therefore, pursuant to 28 U.S.C. § 1348, for purposes of diversity jurisdiction, CMI is deemed to be a citizen of the states of New York and Missouri. The diversity of citizenship requirement is met. *See Carolina Casualty Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th Cir. 2014). Defendants, Tierra De Las Palmas Asscoiation (**Tierra**), Marshall Family Trust (**MFT**), and Absolute Collection Services, LLC (**Absolute**) are, on information and belief, not citizens of New York or Missouri. The

{41506038;1}

amount in controversy requirement is met. CMI seeks a declaration that its deed of trust, which secures a loan with a principal balance of $153,956.21, was not extinguished by a homeowner's association non-judicial foreclosure sale that is the basis for MFT's claim to title to the real property sub judice.

3. Defendant, Tierra is a Nevada non-profit corporation. CMI is informed and believes and therefore alleges Tierra is the purported beneficiary under an alleged homeowners' association lien recorded October 7, 2011. CMI is informed and believes and therefore alleges Tierra foreclosed on the lien via trustee's sale dated May 15, 2013.

4. Defendant MFT is, on information and belief, a private trust formed under the laws of Nevada. After a reasonable search, CMI cannot determine the citizenship of the beneficiaries or trustee of MFT. CMI is informed and believes and therefore alleges MFT purchased the property at the HOA foreclosure sale, acquiring title via a Trustee's Deed Upon Sale recorded on May 16, 2013.

5. Defendant, Absolute is a Nevada limited liability company. After a reasonable search, CMI cannot determine the citizenship of the members of Absolute. CMI is informed and believes and therefore alleges Absolute conducted the foreclosure at issue in this case on behalf of Tierra.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 for reasons stated above.

7. Venue is proper in this Court under 28 U.S.C. §1391. The property that is the subject of this action is located at 5143 Marshall Island Court, North Las Vegas, Nevada 89031 (the **property**). Venue is proper in this court under 28 U.S.C. § 1391(1) and (2) because this action seeks to determine an interest in property located within Clark County, Nevada and because this lawsuit arises out of a foreclosure of real property located within Nevada.

8. The issues addressed in this complaint were mediated by CMI and Tierra pursuant to the provisions of NRS 38.300 to 38.360 on February 7, 2017. CMI and Tierra did not reach an agreement. Absolute and Marshall Family Trust were notified of the February 7 mediation but did not participate.

{41506038;1}

**GENERAL ALLEGATIONS**

9. Under Nevada state law, homeowners' associations have the right to charge property owners residing within the community assessments to cover the homeowners' associations' expenses for maintaining or improving the community, among other things.

10. When these assessments go unpaid, the association may impose a lien and then foreclose on a lien if the assessments remain unpaid.

11. NRS Chapter 116 generally provides a non-judicial foreclosure scheme for a homeowners' association to conduct a non-judicial foreclosure where the unit owner fails to pay its monthly assessments.

12. NRS 116.3116 makes a homeowners' association lien for assessments junior to a first deed of trust beneficiary's secured interest in the property, with one limited exception: a homeowners' association lien is senior to a first deed of trust beneficiary's secured interest "to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]" NRS 116.3116(2)(c).

<u>The Deed of Trust and Assignment</u>

13. On or about May 5, 2006, Lakeshia L. Spencer (**Spencer**) obtained a loan from Countrywide Home Loans, Inc. in the amount of $164,000.00, which was secured by a deed of trust (the **senior deed of trust**) recorded against the property on May 15, 2006. A true and correct copy of the senior deed of trust is recorded with the Clark County Recorder as **Instrument No. 20060515-0003840**.

14. The senior deed of trust was assigned to CMI via an assignment of deed of trust on December 13, 2011. A true and correct copy of the assignment is recorded with the Clark County Recorder as **Instrument No. 20111214-0002099**. The assignment deed of trust was re-recorded to

{41506038;1}

clarify the assignee name on March 6, 2013. A true and correct copy of this assignment is recorded with the Clark County Recorder as **Instrument No. 20130306-0000517**.

### The HOA Lien and Foreclosure

15. Upon information and belief, Spencer failed to pay Tierra all amounts due to it. On October 7, 2011, Tierra, through its agent Absolute, recorded a notice of delinquent assessment lien. The notice states the amount due to Tierra was $816.71 but does not specify whether it includes dues, interest, fees and collection costs in addition to assessments. A true and correct copy of the notice of lien is recorded with the Clark County Recorder as **Instrument No. 20111007-0000329**.

16. On February 10, 2012, Tierra, through its agent Absolute, recorded a notice of default and election to sell to satisfy the delinquent assessment lien. The notice states the amount due to Tierra was $1,696.98, but does not specify whether it includes dues, interest, fees and collection costs in addition to assessments. A true and correct copy of the notice of default is recorded with the Clark County Recorder as **Instrument No. 20120210-0000687**. The notice of default also does not specify the super-priority amount claimed by Tierra and fails to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1).

17. On December 7, 2012, Tierra, through its agent Absolute, recorded a notice of trustee's sale. The trustee's sale was scheduled for February 12, 2013. The notice states the amount due to Tierra was $3,315.30, but does not specify whether it includes dues, interest, fees and collection costs in addition to assessments. A true and correct copy of the notice of sale is recorded with the Clark County Recorder as **Instrument No. 20121207-0001423**. The notice of sale does not identify the super-priority amount claimed by Tierra and fails to describe the "deficiency in payment" required by NRS 116.311635(3)(a).

18. In none of the recorded documents nor in any notice did Tierra and/or its agent provide notice of the purported super-priority lien amount, where to pay the amount, how to pay the amount or the consequences for failure to do so.

19. In none of the recorded documents nor in any notice did Tierra and/or its agent specify whether it was foreclosing on the super-priority portion of its lien, if any, or on the sub-

{41506038;1}

1 priority portion of its lien.

2     20. In none of the recorded documents nor in any notice did Tierra and/or its agent specify the senior deed of trust would be extinguished by the Tierra foreclosure.

    21. In none of the recorded documents nor in any notice did Tierra and/or its agent identify any way by which the beneficiary under the senior deed of trust could satisfy the super-priority portion of Tierra's claimed lien.

    22. The deficiencies in the notices notwithstanding, Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, LP (**BANA**), as servicer of the loan, attempted to satisfy the super-priority amount.

    23. On or about February 17, 2012, after Tierra recorded its notice of default and prior to the foreclosure sale, BANA requested a ledger from Tierra, through its agent Absolute, identifying the super-priority amount allegedly owed. Tierra refused to respond to repeated requests for this information.

    24. Tierra's refusal to communicate and provide payoff information constitute a rejection of BANA's tender.

    25. Despite BANA's tender attempt, Tierra foreclosed on the property on or about May 14, 2013. A trustee's deed in favor of MFT was recorded May 16, 2013. A true and correct copy of the foreclosure deed is recorded with the Clark County Recorder as **Instrument No. 20130516-0003891.**

    26. Upon information and belief, Absolute wrote in the foreclosure deed that the sale price at the May 14, 2013 foreclosure sale was $6,500.00. Tierra's sale of the property to MFT for less than five percent (4.2%) of the value of the unpaid principal balance ($153,956.21) on the senior deed of trust, and, on information and belief, for a similarly diminutive percentage of the property's fair market value, is commercially unreasonable and not in good faith as required by NRS 116.1113.

///

///

///

{41506038;1}

## FIRST CAUSE OF ACTION

## (Quiet Title/Declaratory Judgment Against All Defendants)

27. CMI repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

28. Pursuant to 28 U.S.C. § 2201 and NRS 30.040 *et seq.*, this Court is empowered to declare the rights of parties and other legal relations of parties regarding the property at issue.

29. An actual controversy has arisen between CMI and defendants regarding the property. The senior deed of trust is a first secured interest on the property. As a result of the May 14, 2013 Tierra foreclosure sale, MFT claims an interest in the property, and on information and belief, asserts MFT owns the property free and clear of the senior deed of trust.

30. CMI's interest in the senior deed of trust encumbering the property constitutes an interest in real property.

31. CMI is entitled to a declaration that Tierra's foreclosure did not extinguish the senior deed of trust, or, alternatively, Tierra's foreclosure is void.

*NRS Chapter 116 Violates CMI's Right to Procedural Due Process*

32. CMI asserts that Chapter 116 of the Nevada Revised Statutes' scheme of HOA super-priority non-judicial foreclosure violates the procedural due process rights of CMI under the state and federal constitutions.

33. The Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution protects CMI from being deprived of its deed of trust in violation of procedural due process guarantees of notice and an opportunity to be heard.

34. CMI asserts that there is no way to apply Nevada's scheme of non-judicial HOA super-priority foreclosure that complies with Nevada and the United States' respective guarantees of procedural due process.

35. The Nevada Constitution does not expressly set forth a state action requirement. Even if it did, and consistent with the state action requirements of the Federal Constitution, the state

{41506038;1}

of Nevada has become sufficiently intertwined with HOA foreclosure such that state and federal procedural due process protections for CMI's deed of trust apply, to wit:

    a)    The super-priority lien did not exist at common law, but rather is imposed by statute.

    b)    In order to conserve governmental resources and fund the quasi-governmental HOA, Nevada's legislature made super-priority mandatory, expanded the super-priority duration from six to nine months, and declared it could not contractually subordinate its lien by provisions within a HOA's covenants, conditions, and restrictions.

    c)    The super-priority lien has no nexus whatsoever to a private agreement between Tierra and CMI, but, again, is imposed by legislative enactment.

    d)    Nevada and Clark County mandated the creation of Tierra as a quasi-governmental entity to perform governmental functions including maintaining the common open spaces and private streets within the Tierra community.

36. Since the state of Nevada is responsible for the creation of the super-priority lien and has made it mandatory, then the state of Nevada's HOA super-priority is the result of state action subject to procedural due process safeguards.

37. On its face, Nevada's scheme of non-judicial HOA super-priority foreclosure lacks any pre-deprivation notice requirements or post deprivation redemption options that are necessary components of due process:

    a)    NRS 116.31162 and NRS 116.311635 do not require that an HOA provide CMI, or its predecessors, with written notice of the sum that constitutes the super-priority portion of the assessment lien.

    b)    Chapter 116 of NRS seeks to insulate its scheme of super-priority non-judicial foreclosure by failing to provide any post-sale right of equity or redemption.

    c)    Chapter 116 of NRS fails to provide CMI with a statutorily enforceable mechanism to compel an HOA to inform CMI of the sum of the HOA super-priority amount.

{41506038;1}

38. CMI requests that this Court void the HOA foreclosure sale or declare MFT's title was acquired subject to the senior deed of trust because NRS 116's scheme of HOA super-priority foreclosure violates the procedural process clauses of The Fourteenth Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution.

*Additional Reasons the HOA Foreclosure Sale Did Not Extinguish the Senior Deed of Trust*

39. The HOA sale is void or did not extinguish the senior deed of trust for additional reasons stated below.

40. The foreclosure sale did not extinguish the senior deed of trust because the recorded notices, even if they were in fact provided, failed to describe the lien in sufficient detail as required by Nevada law, including, without limitation: whether the deficiency included a "super-priority" component, the amount of the super-priority component, how the super-priority component was calculated, when payment on the super-priority component was required, where payment was to be made or the consequences for failure to pay the super-priority component. Alternatively, the foreclosure sale is void.

41. The foreclosure sale did not extinguish the senior deed of trust because BANA attempted to tender and satisfy the super-priority amount and Tierra wrongfully obstructed BANA's tender attempt by refusing to provide a payoff ledger. Alternatively, the foreclosure sale is void.

42. The foreclosure sale did not extinguish the senior deed of trust because the sale was commercially unreasonable or otherwise failed to comply with the good faith requirement of NRS 116.1113 in several respects, including, without limitation, the lack of sufficient notice, Tierra's wrongful rejection of the tender, the sale of the property for a fraction of the loan balance or actual market value of the property, a foreclosure that was not calculated to promote an equitable sales prices for the property or to attract proper prospective purchasers, and a foreclosure sale that was designed and/or intended to result in maximum profit for the Tierra, its agent and MFT at the sale without regard to the rights and interest of those who have an interest in the loan and made the purchase of the property possible in the first place. Alternatively, the foreclosure sale is void.

43. The foreclosure sale did not extinguish the senior deed of trust because otherwise the

{41506038;1}

sale would violate CMI's rights to due process, as a result of Tierra's failure to provide sufficient notice of the super-priority component of Tierra's lien, the manner and method to satisfy it, and the consequences for failing to do so. Alternatively, the foreclosure sale is void.

44. The foreclosure sale did not extinguish the senior deed of trust because MFT does not qualify as a bona fide purchaser for value, because it was aware of, or should have been aware of, the existence of the senior deed of trust and the commercial unreasonableness of the Tierra sale. Alternatively, the foreclosure sale is void.

45. CMI is entitled to a declaration, pursuant to 28 U.S.C. § 2201, NRS 30.040, and NRS 40.010, that the HOA sale did not extinguish the senior deed of trust, or, alternatively, the HOA sale is void

46. CMI was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Breach of NRS 116.1113 against Tierra and Absolute)

47. CMI repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

48. NRS 116.1113 and common law provide that every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement.

49. Tierra's recorded CC&Rs contain a subordinate to first mortgage clause which represents that Tierra's entire lien will be subordinate to the senior deed of trust. A true and correct copy of the CC&Rs is recorded with the Clark County Recorder as **Instrument No. 970627-00010**.

50. NRS Chapter 116 requires Tierra and its agent Absolute to comply with the obligations of the CC&Rs, including the subordinate to first mortgage clause.

51. In making the representation in the CC&Rs that Tierra's lien would be subordinate to a senior deed of trust, Tierra undertook a duty to inform lenders and loan servicers like CMI and BANA that Tierra's representations regarding the priority of liens in the CC&Rs was false, and to give CMI and BANA reasonable opportunity to protect their security interest in the property.

{41506038;1}

52. Tierra also undertook a duty to identify the super-priority amount to lenders and loan servicers like CMI and BANA, to inform them that their security interest were at risk, and to provide an opportunity to satisfy the super-priority amount to protect their security interest in the property.

53. Tierra and its agent Absolute breached their duties of good faith by not complying with the obligations in the CC&Rs that Tierra's lien would be subordinate to the senior deed of trust, by not informing CMI or BANA that Tierra's representation in the CC&Rs regarding the priority of liens was false, by not identifying the super-priority amount of Tierra's lien for CMI or BANA, by not notifying CMI or BANA that their security interest was at risk, by rejecting BANA's attempt to tender the super-priority amount, and by obstructing CMI's or BANA's ability to protect their security interest in the property.

54. If it is determined Tierra's sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, Tierra's and its agent Absolute's breach of their obligations of good faith will cause CMI to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the HOA sale, whichever is greater.

55. CMI was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

**(Wrongful Foreclosure against Tierra and Absolute)**

56. CMI repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

57. To the extent defendants contend or the court concludes Tierra's foreclosure sale extinguished the senior deed of trust, the foreclosure was wrongful.

58. Because Tierra and its agent Absolute failed to give adequate notice and an opportunity to cure the deficiency, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

{41506038;1}

59. Because Tierra and its agent Absolute sold the property for a grossly inadequate amount, compared to the value of the property and amount of outstanding liens defendants contend were extinguished by the foreclosure sale, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

60. Because Tierra and its agent Absolute violated the representation in the CC&Rs that Tierra's lien would be subordinate to a senior deed of trust, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

61. Because Tierra and its agent Absolute violated the good faith requirements of NRS 116.1113, the foreclosure was wrongful to the extent any defendant contends it extinguished the senior deed of trust.

62. If it is determined Tierra's foreclosure sale extinguished the senior deed of trust notwithstanding the deficiencies, violations, and improper actions described herein, Tierra's and its agent Absolute's actions will cause CMI to suffer general and special damages in the amount equal to the fair market value of the property or the unpaid principal balance of the loan at issue, plus interest, at the time of the sale, whichever is greater.

63. CMI was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## **FOURTH CAUSE OF ACTION**

**(Injunctive Relief against MFT)**

64. CMI repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

65. CMI disputes MFT's claim it owns the property free and clear of the senior deed of trust.

66. Any sale or transfer of the property by MFT, prior to a judicial determination concerning the respective rights and interests of the parties to this case, may be rendered invalid if the senior deed of trust still encumbers the property in first position and was not extinguished by the HOA sale.

{41506038;1}

67. CMI has a substantial likelihood of success on the merits of the complaint, and damages would not adequately compensate for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the property.

68. CMI has no adequate remedy at law due to the uniqueness of the property involved in this case and the risk of the loss of the senior security interest.

69. CMI is entitled to a preliminary injunction prohibiting MFT, or its successors, assigns, or agents, from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust.

70. CMI is entitled to a preliminary injunction requiring MFT to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

## **PRAYER FOR RELIEF**

CMI requests the Court grant the following relief:

1. An order declaring that MFT purchased the property subject to CMI's senior deed of trust;

2. In the alternative, an order that the HOA foreclosure sale, and any resulting foreclosure deed, was void ab initio;

3. In the alternative, an order requiring Tierra and its agent Absolute to pay CMI all amounts by which it was damaged as a result of Tierra's and Absolute's wrongful foreclosure and/or violation of the good faith provisions of NRS 116.1113;

4. A preliminary injunction prohibiting MFT, its successors, assigns, or agents from conducting any sale, transfer, or encumbrance of the property that is claimed to be superior to the senior deed of trust or not subject to the senior deed of trust;

5. A preliminary injunction requiring MFT to pay all taxes, insurance, and homeowner's association dues during the pendency of this action;

///

///

///

{41506038;1}

6. Reasonable attorneys' fees as special damages and the costs of suit; and

7. For such other and further relief the Court deems proper.

DATED April 20, 2017.

**AKERMAN LLP**

/s/
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
TENESA S. SCATURRO, ESQ.
Nevada Bar No. 12488
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for CitiMortgage, Inc.*

## **VERIFICATION**

STATE OF NEVADA   §
                  §
COUNTY OF CLARK   §

I, Tenesa Scaturro, in my capacity as counsel for CitiMortgage, Inc., am authorized to make this verification on behalf of it. I verify I have read paragraph 8 of CMI's first amended complaint, where it is alleged the parties mediated the issues presented in this complaint pursuant to NRS 38.300 et. seq. The information alleged in paragraph 8 is within my personal knowledge and is true and correct.

_____
Tenesa Scaturro, Esq.

SIGNED AND SWORN on the ___ day of April, 2017.

_____
Notary Public in and for the State of Nevada

{41506038;1}

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the ___ day of April, 2017 and pursuant to Federal Rule of Civil Procedure 5, I filed and served a true and correct copy of the foregoing **FIRST AMENDED COMPLAINT** via the Court's CM/ECF system on the following:

| | |
|---|---|
| James W. Pengilly, Esq.<br>Elizabeth B. Lowell, Esq.<br>PENGILLY LAW FIRM<br>1995 Village Center Circle, Suite 190<br>Las Vegas, Nevada 89134<br>*Attorneys for Tierra de las Palmas Owners Association* | Shane D. Cox<br>ABSOLUTE COLLECTION SERVICES, LLC<br>8440 W. Lake Mead Blvd., Ste. 210<br>Las Vegas, Nevada 89128<br>*Attorney for Absolute Collection Services, LLC* |

Randal A. Deshazer, Esq.
961 Pack Saddle Court
Henderson, Nevada 89014
*Attorney for Marshall Family Trust*

*/s/*
An employee of AKERMAN LLP

{41506038;1}